UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| EDDIE FLAKES, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cv-640 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| UNKNOWN PARTY, named as Treasurer ) | |
| of the United States, et al., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| _____ ) | |

This purports to be a civil action brought by a *pro se* plaintiff. Plaintiff's original complaint appears to name a number of defendants, including the "U.S. Treasury as Subrogee of Bureau of Regulation," the Treasurer of the United States, and the Michigan Department of State. Beyond that, the handwritten complaint is completely unintelligible, except for references to plaintiff's medical coverage and his driver's license. Attached to the complaint are numerous pages of seemingly unrelated documents having to do with the indefinite suspension of plaintiff's driver's license because of a medical disability, plaintiff's discharge from the Advantage Health Network as a covered patient, various medical records, and court papers from the state courts. Plaintiff has also attached a summary plan description from a UAW health plan. Plaintiff has filed a supplement to his complaint (docket # 8), which is again handwritten and unintelligible. This supplement will be considered as an amendment to the complaint as of right. FED. R. CIV. P. 15(a)(1). Attached to the

supplement are 53 pages of unrelated papers, including a report of a traffic accident that occurred in 2008, more medical records, and an excerpt from a textbook on business, government and society.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its

limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010) (quoting *Tam Travel Inc. v. Delta Airlines, Inc.*, 538 F.3d 896, 903 (6th Cir. 2009)).

## **Discussion**

The federal courts are courts of limited jurisdiction. *Baze v. Parker*, 632 F.3d 338, 341 (6th Cir. 2011). In general, the federal district courts may hear and determine cases between citizens of different states and involving the requisite amount in controversy, 28 U.S.C. § 1332(a), and cases arising under the federal Constitution or laws. 28 U.S.C. § 1331. Plaintiff's complaint, even read liberally, discloses neither source of jurisdiction. Plaintiff does not clearly identify the defendants against whom he wishes to proceed. In any event, however, his amended complaint neither alleges the existence of diversity jurisdiction nor shows the requisite amount in controversy.

In the absence of diversity, the court has jurisdiction over cases arising under the federal Constitution or laws. 28 U.S.C. § 1331. The Supreme Court has made clear that, to determine whether a claim arises under federal law, a court must look to plaintiff's complaint and determine whether the well-pleaded allegations of the complaint show that plaintiff's cause of action is based on federal law. *See Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2006). "The well pleaded complaint rule provides that 'federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386,

392 (1987)).  The allegations in plaintiff's complaint and amended complaint, to the extent that they are intelligible, do not arise under any provision of the federal Constitution or any act of Congress.

Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a plaintiff to allege a short and plain statement of the grounds for the court's jurisdiction.  To comply with this pleading requirement, a complaint need not set forth the statutory basis for the court's subject-matter jurisdiction, but must allege facts from which jurisdiction may at least be inferred.  *See Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 994 (8th Cir. 2002); *Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988).  In the present case, plaintiff's complaint, as amended, fails to set forth any fact from which the court could infer the basis of subject-matter jurisdiction, either on the basis of diversity of citizenship or because of the existence of a federal question.  I therefore conclude that plaintiff has failed in his burden to plead the factual basis for this court's subject-matter jurisdiction.

### **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint, as amended, be dismissed without prejudice for lack of subject-matter jurisdiction.

Dated:  August 10, 2011              /s/  Joseph G. Scoville
                                      United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).